UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

**FILED**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

JUN 2 6 2013

BY _____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| BART SIDNEY POSEY, SR., | ) |
| (Counts One through Twenty-Five, | ) |
| Forty-One through Forty-Six, | ) |
| Fifty-One through Fifty-Four, | ) |
| Fifty-Six through Fifty-Seven) | ) |
| | ) |
| WILLIAM M. WORTHY II, | ) |
| (Counts One through Twenty-Five, | ) |
| Twenty-Six through Forty, | ) |
| Forty-Seven through Fifty, | ) |
| Fifty-Five) | ) |
| | ) |
| RICHARD HALL BACHMAN, | ) |
| (Counts One through Twenty-Five, | ) |
| Forty-One through Forty-Six, | ) |
| Fifty-Six through Fifty-Seven) | ) |
| | ) |
| ANGELA SLAVEY POSEY | ) |
| (Counts One through Twenty-Five, | ) |
| Forty-One through Forty-Six, | ) |
| Fifty-One through Fifty-Four) | ) |

No. 3:13-00119

18 U.S.C. § 371
18 U.S.C. § 669
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1957

# INDICTMENT

THE GRAND JURY CHARGES:

At all times material to this Indictment:

## INTRODUCTION

### Entities and Individuals

1.      Defendant **BART SIDNEY POSEY, SR.**, who resided in Springfield, Tennessee, owned Smart Data Solutions LLC ("SDS"), American Trade Association LLC ("ATA Arkansas"), and was a director of American Trade Association, Inc. ("ATA Indiana").

2.      Defendant **WILLIAM M. WORTHY, II**, who resided in Isle of Palms, South Carolina, owned and operated Southeast Insurance Advisors LLC, ATA-Indiana and Serve America Assurance, a "shell" company created to serve as a domestic representative – or "captive" – of Beema-Pakistan Company Limited, a foreign reinsurance company not licensed to do business in the United States. Defendant **WILLIAM M. WORTHY, II,** was also the operator of Nationwide Administrators LLC and Viking Administrators LLC.

3.      Defendant **RICHARD HALL BACHMAN,** who resided in both Springfield, Tennessee, and Austin, Texas, served at various times as Vice-President of SDS and ATA Indiana.

4.      Defendant **ANGELA SLAVEY POSEY,** who resided in Springfield, Tennessee, was a partner/secretary of SDS, and a director of ATA Indiana.

5.      Kathleen Devereaux Cauthen, an unindicted co-conspirator, who resided in Blythewood, South Carolina, was an attorney licensed in the State of South Carolina.

6.      Individual A, a person known to the grand jury, was a resident of Isle of Palms, South Carolina.

7.      Individual B, an unindicted co-conspirator known to the grand jury, was a resident of Morristown, New Jersey.

-2-

8. Individual C, a person known to the grand jury, was a resident of Columbia, South Carolina.

9. SDS was a Tennessee limited liability company incorporated on November 22, 2005, with its principal place of business located in Springfield, Tennessee. SDS, which was solely owned by defendant **BART SIDNEY POSEY, SR.**, operated as a Third Party Administrator ("TPA") for Real Benefits Association, American Trade Association, Inc., American Trade Association LLC, and Serve America Assurance. SDS never had a Certificate of Authority to act as an Administrator in the State of Tennessee, nor was SDS licensed to issue policies of insurance as an insurance company in the State of Tennessee or in any other state. In or around November 2006, the State of Arkansas issued to SDS a license to act as a TPA which was renewed annually by **RICHARD HALL BACHMAN**. On or about April 6, 2010, a final cease and desist order was issued to SDS by the Arkansas Insurance Commissioner based on an emergency order dated January 28, 2010, for administering or aiding unauthorized health insurance programs.

10. ATA Indiana was an Indiana limited liability company originally incorporated under the name Transportation Services Association, Inc. ("TSA"), on or about July 8, 1986. On April 1, 2005, TSA was assigned to defendant **WILLIAM M. WORTHY, II,** who assumed ownership of the company at that time. In June 2005, defendant **BART SIDNEY POSEY, SR.,** was named as Director and President of TSA, but resigned both positions on or about November 1, 2005. On March 20, 2007, TSA officially changed its name through the Indiana Secretary of State to Transportation Workers Benefit Association, Inc. ("TWBA"). On or about April 23, 2007, TWBA's name was changed back to TSA. On or about March 19, 2009, TSA's name was changed to American Trade Association, Inc., by defendant **WILLIAM M. WORTHY, II,** as

-3-

President, with its principal place of business remaining the same as its registered agent in Indiana. An Indiana Business Entity Report for the year 2009, was filed on behalf of ATA Indiana by defendant **RICHARD HALL BACHMAN** who was listed as Vice-President. ATA Indiana never had a Certificate of Authority to act as an Administrator in the State of Tennessee, nor was ATA Indiana licensed to issue policies of insurance as an insurance company in the State of Tennessee, or in any other state.

11.     ATA Arkansas was incorporated in Arkansas on or about February 28, 2008, by Kathleen Devereaux Cauthen, a person known to the Grand Jury. On or about February 29, 2008, ATA Arkansas was sold to defendant **BART SIDNEY POSEY, SR.,** for one dollar. The 2009 Annual LLC Franchise Tax Report for ATA Arkansas was filed by defendant **ANGELA SLAVEY POSEY,** with an address of 4676 Hwy 41 North, Springfield, Tennessee. ATA Arkansas never had a Certificate of Authority to act as an Administrator in the State of Tennessee, nor was ATA Arkansas licensed to issue policies of insurance as an insurance company in the State of Tennessee or in any other state.

12.     Affinity Group Benefits Association Incorporated ("AGBAI") was incorporated in North Carolina on or about March 20, 1978. AGBAI was a dormant association on or about August 24, 2007, when it entered into a marketing agreement with SDS, and subsequently SDS became the Third Party Administrator for AGBAI. AGBAI was a predecessor association to ATA Arkansas.

13.     Beema-Pakistan Company Limited ("Beema") was a foreign domiciled public limited company wholly owned by Pakistani nationals. Beema was a general insurance company that was not licensed to issue policies of insurance as an insurance company in the State of Tennessee or in any other state.

-4-

14.     Serve America Assurance a/k/a Serve America Ltd. a/k/a Serve America Assurance Ltd a/k/a Serve America Assurance Ltd. Co. (collectively "Serve America") was a purported wholly owned subsidiary of Beema (referred to as a captive).  In or around March 2008, Beema was identified as the underwriter of insurance being sold by defendants **BART SIDNEY POSEY, SR., WILLIAM M. WORTHY, II, RICHARD HALL BACHMAN, ANGELA SLAVEY POSEY,** and unindicted co-conspirators both  known and unknown to the grand jury.  Serve America was essentially a "shell" company with no employees, no telephone number, no point of contact and no fixed business location.  Victim insurance enrollees were directed to communicate with Serve America through the address of 4676 Hwy 41 North, Springfield, Tennessee, the offices of SDS.  On or about February 5, 2009, Serve America was incorporated as Serve America Assurance, Ltd. Co., in South Carolina by Kathleen Devereaux Cauthen who listed herself as agent for service of process and the sole organizer.  Serve America never possessed a Certificate of Authority to act as an Administrator in the State of Tennessee, nor was Serve America licensed to issue policies of insurance as an insurance company in the State of Tennessee or in any other state.

15.     Southeast Insurance Advisors, LLC, ("Southeast") was incorporated in the State of Delaware on or about January 14, 2008, by Individual A, via the internet from an email address used by defendant **WILLIAM M. WORTHY, II.**  No principal place of business was listed, but an address for the point of contact listed was the home address in South Carolina for defendant **WILLIAM M. WORTHY, II.**

16.     Real Benefits Association LLC ("RBA") was a New Jersey limited liability company that was originally incorporated by Individual B on or about  December 17, 2003, under the name Realty Benefits Association LLC.  On or about June 10, 2009, the corporate

-5-

name was changed to Real Benefits Association LLC. RBA never had a Certificate of Authority to act as an Administrator in the State of Tennessee, nor was RBA licensed to issue policies of insurance as an insurance company in the State of Tennessee, or in any other state.

17. On or about August 21, 2007, Nationwide Administrators LLC ("Nationwide") was incorporated by Kathleen Devereaux Cauthen who was also designated as the agent for service of process and the sole organizer. Nationwide never had a Certificate of Authority to act as an Administrator in the States of Tennessee and South Carolina, nor was Nationwide licensed to issue policies of insurance as an insurance company in the State of Tennessee, or in any other state.

18. PayLogix, LLC, located in Westbury, New York, operated as a third party processor and administrator on behalf of SDS and SDS marketers for the purpose of billing, receipt and remittance of fees, dues, premiums and company commissions.

19. CITM, LLC, located in Hooksett, New Hampshire, and CITM Incorporated, a member of CITM, LLC, located in Orange Park, Florida, operated as a third party processor and administrator on behalf of SDS and SDS marketers for the purpose of billing, receipt and remittance of fees, dues, premiums and company commissions.

20. On or about June 26, 2009, Viking Administrators LLC, ("Viking") was incorporated in Nashville, Tennessee, by Individual C, using Northwest Registered Agent, Inc., as the registered agent. The address of the principal executive office of Viking was listed as 5201 Kingston Pike, Suite 6-355, Knoxville, Tennessee 37919, which is the address of a commercial mail receiving agency at a UPS store. The UPS store was located at Suite 6, and defendant **WILLIAM M. WORTHY, II,** rented Box 355 on June 25, 2009. Viking never had a Certificate of Authority to act as an Administrator in the States of Tennessee and South Carolina,

-6-

nor was Viking licensed to issue policies of insurance as an insurance company in the State of Tennessee or in any other state.

Relevant Terms

21.     At various times, Serve America was identified as a "captive" and "underwriter."

A.     A "captive" is a wholly owned subsidiary created to provide insurance to its non-insurance parent company (or companies).  Captives are established to meet the risk management needs of the owners or members. They are essentially a form of self insurance whereby the insurer is owned wholly by the insured.  An "association captive" is a captive that is owned by a trade, industry or service group, such as doctors, writing only the risk of its owners and/or affiliates.  An association captive is sponsored or owned by a group of entities within a particular organization with common insurance needs and similar exposures.  Once established, the captive operates like any commercial insurer – *i.e.*, it issues policies, collects premiums and pays claims, but it does not offer insurance to the public.  Captives are not allowed in all states, but where they are allowed, they are regulated by the state.

B.     The term "underwriter" is another word for insurer.  Underwriting is the process of examining, accepting, or rejecting insurance risks, and classifying those selected, in order to charge the proper premium for each.  The purpose is to spread the risk among a pool of insureds in a manner that is equitable for the insureds and profitable for the insurer. Underwriting includes the acceptance of employer or individual applications for coverage of individuals and the overall planning and coordination of a benefits program.

22.     "Reinsurance" is the contract made between an insurance company and another insurance company to protect the primary insurance company from losses.  The contract

-7-

provides for the reinsurer to pay for the loss sustained by the primary insurance company when the primary insurance company makes a payment on the original contract with the insured.

23. An "association" is a bona fide organization of individuals or businesses formed for purposes other than the purchase of insurance. For example, social clubs like the Elks, business groups like the American Medical Association or the AARP are formed for specific non-insurance purposes. Once a bona fide association is formed, it can seek to purchase insurance for its members on a group basis to take advantage of economies of scale and obtain a better price or product for group members.

24. A "Third Party Administrator" ("TPA") is an organization that processes insurance claims or administers certain aspects of employee benefit plans for a separate entity. Many states, including Tennessee, regulate TPAs who act on behalf of insurers and self insurers. One of the purposes of this regulation is to be able to fully identify insurers and self insurers represented by the TPA and operating in the state.

25. An insurance "producer" is a person required to be licensed under the laws of a state to sell, solicit or negotiate insurance.

<u>Regulation of the Insurance Industry in the United States</u>

26. Health insurance generally is sold to businesses and individuals through licensed insurance agents. Insurance agents apply for and receive appointments from insurance companies to be able to sell the insurance companies' policies. The agents then sell the insurance to their networks of clients.

27. To protect the public, the Insurance Division of the Tennessee Department of Commerce and Insurance, and departments of insurance in other states, regulate insurance companies and insurance agents. Part of that regulation includes requiring that companies

-8-

seeking to sell health insurance first obtain authorization to do so by meeting requirements regarding, among other things, sufficient capital and surplus, financial stability, competency of management, and reliability of claims payment. Once an insurance commissioner issues a certificate of authority to operate, an insurance company may sell its insurance to the public in that state.

28.     The Departments of Insurance of the states have an organization known as the National Association of Insurance Commissioners for the purpose of sharing information, promoting best practices and legislation and to house various databases for the states to access for regulatory and enforcement actions among other things. By operating outside of state insurance regulation, fraudulent health insurers:

      A.     Avoid the cost of state premium taxes;

      B.     Avoid state requirements to maintain adequate reserves to insure the payment of claims;

      C.     Avoid state actuarial requirements for setting of sound premium rates designed to cover the anticipated health care claims;

      D.     Avoid including important consumer safeguards in insurance policies;

      E.     Avoid participating in state insurance guaranty funds protecting the public in the event of insolvency, and;

      F.     As a result of their non-compliance, can market health care coverage with premiums priced at below-market levels to victims searching for lower-cost health care insurance coverage.

-9-

## Employee Retirement Income Security Act of 1974

29.     Employers and employee organizations that intend to offer benefits, such as health care coverage, to their employees may form employee welfare benefit plans pursuant to a federal statute, the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Employee organizations include any labor union or any organization of any kind, or any agency or employee representation committee, association, group or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning an employee benefit plan, or other matters incidental to employment relationships.

30.     The United States Department of Labor ("DOL") regulates ERISA plans (which are exempt from state insurance requirements) to ensure compliance with ERISA's requirements. Among other things, individuals operating ERISA plans or handling their assets have fiduciary responsibilities to run the ERISA plans solely in the best interest of the participants and for the sole purpose of providing benefits and paying reasonable plan expenses. Moreover, the fiduciaries that operate or handle funds belonging to ERISA plans must act prudently and may not engage in self-dealing.

31.     An employer or employee organization may establish an ERISA plan that includes health care coverage without obtaining prior approval of the DOL.  Instead, ERISA requires that ERISA plans submit to the DOL annual reports containing financial and other information concerning the ERISA plans' operations during the previous year.

32.     Another way in which health care coverage may be provided to employees is through entities known as multiple employer welfare arrangements ("MEWA"). A MEWA refers to employee welfare benefit plans or other arrangements that are created for the purpose of offering or providing health care benefits to employees of two or more employers. Some states

-10-

have banned MEWAs and some other states permit MEWAs, but regulate them for the protection of the public. Tennessee is one of the states that regulates MEWAs. As with insurance companies, MEWAs must obtain prior approval from state regulatory authorities in order to operate in a particular state.

33. MEWAs and their operators may also be subject to regulation pursuant to ERISA. ERISA was amended in 1983 to clarify that a plan or other arrangement which provides benefits to employees of two or more employers (MEWA) is subject to substantial state insurance regulation unless the arrangement is one which the Secretary of Labor finds to have been established or maintained pursuant to collective bargaining agreements or other statutory exceptions.

34. A self-funded group purporting to be operating within the regulations of the DOL can be totally self-funded. If the group contracts with an insurance company to share in or take the risk for this group, that insurance company would still have to operate within the regulations of the states where coverage is offered to members of the self-funded group.

<u>COUNT ONE</u>

35. Beginning on a date unknown but at least as early as in or around January 2008 and continuing through in or around March 2010, in the Middle District of Tennessee and elsewhere, defendants **BART SIDNEY POSEY, SR., WILLIAM M. WORTHY, II, RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY**, did willfully, knowingly and unlawfully combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, including mail fraud, in violation of Title 18, United States Code, Section 1341; wire fraud, in violation of Title 18, United States Code, Section 1343; theft or embezzlement in connection

-11-

with health care, in violation of Title 18, United States Code, Section 669; and money laundering, in violation of Title 18, United States Code, Section 1957.

<u>Manner and Means of the Conspiracy</u>

36.     The manner and means by which the defendants **BART SIDNEY POSEY, SR., WILLIAM M. WORTHY, II, RICHARD HALL BACHMAN, ANGELA SLAVEY POSEY,** and co-conspirators known and unknown to the grand jury, sought to accomplish the conspiracy include:

A.     Defendants **BART SIDNEY POSEY, SR., WILLIAM M. WORTHY, II, RICHARD HALL BACHMAN, ANGELA SLAVEY POSEY,** and co-conspirators known and unknown to the grand jury, purported to provide health care coverage to more than 17,000 individuals and multiple employer groups in various states, including in the Middle District of Tennessee, who joined health care plans offered by ATA Arkansas and ATA Indiana (collectively "ATA"), Serve America, AGBAI and RBA. Although holding themselves out as providing health care coverage, the defendants did not comply with either state or federal regulatory requirements.

B.     The defendants **BART SIDNEY POSEY, SR., WILLIAM M. WORTHY, II, RICHARD HALL BACHMAN, ANGELA SLAVEY POSEY,** and co-conspirators known and unknown to the grand jury, caused SDS to collect premiums from victim insurance enrollees primarily by three methods of payment:

i.     Direct payments from victim insurance enrollees and employer groups generally by check or money orders which were then deposited into accounts at either First State Bank (number ending

-12-

*2841 in the name of SDS LLC) or F&M Bank (number ending

*0201, in the name of Smart Data Solutions LLC);

ii.     Direct bank transfer payments from victim insurance enrollees

and employer groups to the SDS accounts described above.

iii.     Collection of payments from victim insurance enrollees and

employer groups by third party payment processors (including

PayLogix and CITM).

C.     The defendants **BART SIDNEY POSEY, SR., WILLIAM M.**
**WORTHY, II, RICHARD HALL BACHMAN, ANGELA SLAVEY POSEY,** and co-
conspirators known and unknown to the grand jury, collected more than $28 million in
premiums for health care coverage then unjustly denied or turned down legitimate claims
submitted pursuant to the health care plans.

D.     The defendants **BART SIDNEY POSEY, SR., WILLIAM M.**
**WORTHY, II, RICHARD HALL BACHMAN, ANGELA SLAVEY POSEY,** and co-
conspirators known and unknown to the grand jury, embezzled funds from the premiums paid by
the participants that were intended to be used to pay eligible health care claims and did not pay
the majority of the claims. In the process, the defendants diverted more than $5.4 million in
premiums for their personal use, both directly and indirectly, through payments made to SDS.

E.     The defendants **BART SIDNEY POSEY, SR., WILLIAM M.**
**WORTHY, II, RICHARD HALL BACHMAN, ANGELA SLAVEY POSEY,** and co-
conspirators known and unknown to the grand jury, caused SDS, in its role as TPA, to contract
with national telemarketing companies to promote the sale of unauthorized health care benefit
plans through memberships in ATA and RBA, thus circumventing state regulations by claiming

-13-

that ATA and RBA were labor organizations under the authority of the U. S. Department of

Labor (DOL).  In truth and in fact, neither ATA nor RBA qualified as a labor organization

exempted from state regulatory authority.

      F.     The defendants **BART SIDNEY POSEY, SR., WILLIAM M.

WORTHY, II, RICHARD HALL BACHMAN, ANGELA SLAVEY POSEY,** and co-

conspirators known and unknown to the grand jury, caused the premiums collected by third party

payment processors to be distributed as commissions to the marketers with the remainder of the

premiums and fees transferred to SDS via wire or by checks deposited in the U.S. mail or sent by

interstate commercial carrier for deposit into SDS accounts.

      G.     The defendants **BART SIDNEY POSEY, SR., RICHARD HALL

BACHMAN, ANGELA SLAVEY POSEY,** and co-conspirators known and unknown to the

grand jury, caused a portion of the premiums deposited with SDS to be transferred via wire to an

account controlled by defendant **WILLIAM M. WORTHY, II,** and Kathleen Deveraux

Cauthen at First Citizens Bank & Trust Co., Inc., Blythewood, South Carolina in the name of

Nationwide Administrators LLC (number ending *850201).  The funds deposited into the

account at First Citizens Bank were intended to represent payments to a non-existent

underwriter, but were instead primarily converted to the personal use of defendant **WILLIAM

M. WORTHY, II,** and Kathleen Deveraux Cauthen.

Overt Acts

      37.     In furtherance of the conspiracy, and to effect the objects thereof, various

overt acts were committed by defendants **BART SIDNEY POSEY, SR., WILLIAM M.

WORTHY, II, RICHARD HALL BACHMAN, ANGELA SLAVEY POSEY,** and co-

-14-

conspirators, known to the grand jury, in the Middle District of Tennessee and elsewhere, including, but not limited to, the following:

      A.      On or about January 23, 2008, defendant **WILLIAM M. WORTHY, II,** directed **RICHARD HALL BACHMAN** to forward premium payments for Beema to the Rebate Trust Account held by EZPay Financial Services, Inc., West Coast Bank account number ending *5609 (EZPay Beema premium account) in Chehalis, Washington. Defendant **WILLIAM M. WORTHY, II,** had access to this account and could direct disbursements from the account.

      B.      On or about February 4, 2008, defendants **BART SIDNEY POSEY, SR., RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY** caused to be transmitted by means of wire communication in interstate commerce a wire transfer of $7,186.51 in health care benefit premium payments from the SDS First State Bank account number ending *2841 in Springfield, Tennessee, to EZPay Beema premium account number ending *5609 at West Coast Bank in Chehalis, Washington.

      C.      On or about February 12, 2008, defendants **WILLIAM M. WORTHY, II,** and **BART SIDNEY POSEY, SR.,** made the decision to use the name Beema Insurance Company, instead of the true name of the purported foreign underwriter, that is, Beema - Pakistan Insurance Company, Ltd., on the Certificate of Insurance provided to policy holders by SDS.

      D.      On or about March 13, 2008, defendant **WILLIAM M. WORTHY, II,** advised **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** by email, that defendant **WILLIAM M. WORTHY, II,** had just received notification that the captive insurer is Serve America.

-15-

E.     On or about March 20, 2008, defendants **BART SIDNEY POSEY, SR.,**
**RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY** caused to be transmitted by
means of wire communication in interstate commerce a wire transfer of $31,137.96 from the
SDS First State Bank account number ending *2841 in Springfield, Tennessee, to EZPay Beema
premium account number ending *5609 at West Coast Bank in Chehalis, Washington.

F.     On or about March 20, 2008, defendant **WILLIAM M. WORTHY, II,**
caused to be transmitted by means of wire communication in interstate commerce a wire transfer
of $15,629.22 from EZPay Beema premium account number ending *5609 at West Coast Bank
in Chehalis, Washington., to Individual A's SunTrust Bank checking account ending *6363 in
Mt. Pleasant, South Carolina.

G.     On or about June 18, 2008, defendants **BART SIDNEY POSEY, SR.,**
**RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY** caused to be transmitted by
means of wire communication in interstate commerce a wire transfer of $9,686.00 in health care
benefit premium payments from the SDS First State Bank account number ending *2841 in
Springfield, Tennessee, to EZPay Beema premium account number ending *5609 at West Coast
Bank in Chehalis, Washington.

H.     On or about June 19, 2008, defendant **WILLIAM M. WORTHY, II,**
caused to be transmitted by means of wire communication in interstate commerce a wire transfer
of $2,871.75 from EZPay Beema premium account number ending *5609 at West Coast Bank in
Chehalis, Washington., to Individual A's SunTrust Bank checking account ending *6363 in Mt.
Pleasant, South Carolina.

I.     On or about September 12, 2008, Kathleen Devereaux Cauthen opened a
bank account number ending *850201 in the name of Nationwide Administrators LLC

-16-

(Nationwide) at First Citizens Bank & Trust Co., Inc., in Blythewood, South Carolina. Kathleen Devereaux Cauthen was listed as President of Nationwide with sole signature authority for the account.

J.      On or about September 12, 2008, Kathleen Devereaux Cauthen obtained Post Office Box 340, Blythewood, South Carolina, as the mailing address for Nationwide. On the application for the Post Office Box, Kathleen Devereaux Cauthen was listed as President of Nationwide, and the home address for Kathleen Devereaux Cauthen was listed as the physical address for Nationwide.

K.      On or about October 1, 2008, defendant **BART SIDNEY POSEY, SR.,** signed an agreement with Paylogix LLC making Paylogix LLC the third party processor for premium payments collected by SDS on behalf of RBA and ATA.

L.      On or about October 3, 2008, defendant **WILLIAM M. WORTHY, II,** via email, provided **RICHARD HALL BACHMAN** with new banking account information for Beema, that is, bank account number ending *850201 in the name of Nationwide, for the purpose of receiving premium payments from SDS.

M.      On or about February 5, 2009, Kathleen Devereaux Cauthen incorporated Serve America Assurance LTD. CO. in South Carolina.

N.      On or about February 5, 2009, defendant **WILLIAM M. WORTHY, II,** instructed Kathleen Devereaux Cauthen to apply for and obtain Employer Identification Number (EIN) 26-4196209 for Serve America Assurance LTD. CO.

O.      On or about February 5, 2009, defendant **WILLIAM M. WORTHY, II,** provided the Serve America Assurance LTD. CO. EIN obtained by Kathleen Deveraux Cauthen

-17-

to defendant **RICHARD HALL BACHMAN** for the purpose of providing the number to a SDS marketer to supply to a potential insurance sales customer.

P.    On or about February 6, 2009, defendant **RICHARD HALL BACHMAN** provided the EIN for Serve America Assurance LTD. CO. to a SDS marketer in California to supply to a potential insurance sales customer.

Q.    On or about February 12, 2009, defendant **WILLIAM M. WORTHY, II,** via an email referencing a "meeting," advised **BART SIDNEY POSEY, SR.,** to "tell them that Beema came to you looking for a partner. Set up a captive for your block." The email further advised **BART SIDNEY POSEY, SR.,** that "[w]ith millions of people uninsured and layed [sic] off, through RBA/ATA you are providing an affordable solution for the problems that many people face."

R.    On or about February 13, 2009, during an interview under oath with the Tennessee Department of Commerce and Insurance, Insurance Division, defendant **BART SIDNEY POSEY, SR.,** falsely represented that Serve America policy holder claims were being paid in a timely manner.

S.    On or about February 23, 2009, in an email to a marketer promoting the sale of ATA health plans, defendant **RICHARD HALL BACHMAN** falsely instructed a marketer to assure potential sales prospects that the ATA health plan was fully insured and underwritten by Serve America.

T.    On or about March 4, 2009, in Springfield, Tennessee, in the Middle District of Tennessee, at a meeting requested by the President of PayLogix, LLC, to discuss the large increase in the collection of premiums by SDS, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN** introduced **WILLIAM M. WORTHY, II,** as a

-18-

representative of Beema/Serve America and Kathleen Deveraux Cauthen as counsel for
Beema/Serve America.

U.     On or about April 15, 2009, defendants **BART SIDNEY POSEY, SR.,**
and **RICHARD HALL BACHMAN** caused to be placed in the mail at Springfield, Tennessee,
in the Middle District of Tennessee, an insurance enrollment fulfillment package addressed to a
victim/health insurance enrollee residing in Belle Chasse, Louisiana, which included an ATA
member card listing Serve America as the underwriter.

V.     On or about May 12, 2009, defendant **WILLIAM M. WORTHY, II,**
signed a Business Signature Card and was added as an authorized signer for the bank account
number ending *850201 in the name of Nationwide.  At the same time, the account title for the
account was changed to Nationwide Administrators LLC/Beema Premium.

W.     On or about May 28, 2009, in an email to a California marketer, defendant
**RICHARD HALL BACHMAN** urged the marketer to instruct his employees that when selling
the plans to advise potential sales prospects that they are "eligible for the health plans because
they are joining the American Trade Association because without the association membership
everyone in your office marketing these products would have to be a licensed insurance agent
not only in California but in each state they are selling the plans into."

X.     On or about June 1, 2009, a marketer, acting on behalf of ATA,  enrolled
Bandy Transport Company (Bandy), an employer group located in Blue Ridge, Georgia, in an
ATA health care benefit plan purportedly underwritten by Serve America.

Y.     On or about July 7, 2009, in response to numerous inquiries from policy
holders, among others, defendant **RICHARD HALL BACHMAN** created the website
SERVEAMERICALTD.COM for Serve America and directed employees of SDS/ATA and

-19-

marketers to refer prospects to the website when questioned as to the identity of the insurance carrier.

Z.     On or about August 1, 2009, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN** caused to be placed in the mail at Springfield, Tennessee, in the Middle District of Tennessee, an insurance enrollment fulfillment package addressed to a victim/health insurance enrollee residing in Vero Beach, Florida, which included an ATA member card listing Serve America as the underwriter.

AA.     On or about September 1, 2009, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN** caused to be mailed for delivery to a victim/health insurance enrollee residing in Mt. Juliet, Tennessee, in the Middle District of Tennessee, an insurance enrollment fulfillment package which included an ATA member card listing Serve America as the underwriter.

BB.     On or about September 1, 2009, defendant **BART SIDNEY POSEY, SR.,** on behalf of SDS, entered into a Client Services Agreement with Multiplan, Inc., to provide access to Multiplan's network of health care providers.

CC.     On or about September 1, 2009, defendant **ANGELA SLAVEY POSEY** solicited a victim/health insurance enrollee residing in Pleasant View, Tennessee, to purchase a health care benefit plan from ATA.

DD.     On or about October 15, 2009, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN** caused to be placed in the mail at Springfield, Tennessee, in the Middle District of Tennessee, an insurance enrollment fulfillment package addressed to the owner of Pediatric Adolescent Clinic of West Texas in Lubbock, Texas, that included an ATA member card for the owner which listed Serve America as the underwriter.

-20-

EE.  On or about December 1, 2009, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN** caused to be placed in the mail at Springfield, Tennessee, in the Middle District of Tennessee, an insurance enrollment fulfillment package addressed to a victim/health insurance enrollee residing in Woodstock, Georgia, which included an ATA member card listing Serve America as the underwriter.

All in violation of Title 18, United States Code, Sections 371 and 2.

## COUNTS TWO THROUGH ELEVEN

THE GRAND JURY FURTHER CHARGES:

1.  Paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One are hereby incorporated and realleged as if fully set forth herein.

2.  Beginning on a date unknown but at least as early as in or around January 2008 and continuing through in or around March 2010, in the Middle District of Tennessee and elsewhere, defendants **BART SIDNEY POSEY, SR., WILLIAM M. WORTHY, II, RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY,** and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud individuals and businesses who purchased health care benefit coverage through plans offered by ATA, Serve America, AGBAI and RBA, and to obtain money and property by means of false pretenses, representations and promises, and by acts of concealment of the scheme, all described in paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One, and, in furtherance thereof, used the United States Postal Service and private interstate carrier.

3.  On or about the dates set forth below with respect to each count, in the Middle District of Tennessee and elsewhere, defendants **BART SIDNEY POSEY, SR., WILLIAM M. WORTHY, II, RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY,** for the

-21-

purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be placed in an authorized depository for mail matter and to be sent and delivered by the United States Postal Service and private interstate carrier according to the directions thereon, the following:

| COUNT | APPROXIMATE DATE | MAILING |
|-------|------------------|---------|
| 2 | April 7, 2009 | FedEx Airbill # 797480964061 from Paylogix, Westbury, New York, for delivery to Smart Data Solutions, 4676 Highway 41 North, Springfield, Tennessee containing twelve (12) checks totaling $229,507.11 for premium collections |
| 3 | April 15, 2009 | Fulfillment Package from SDS/ATA,4676 Highway 41 North, Springfield, Tennessee, for delivery by the U. S. Postal Service to victim/health insurance enrollee residing in Belle Chasse, Louisiana |
| 4 | August 1, 2009 | Fulfillment Package from SDS/ATA,4676 Highway 41 North, Springfield, Tennessee, for delivery by the U. S. Postal Service to victim/health insurance enrollee residing in Vero Beach, Florida |
| 5 | August 7, 2009 | CITM check # 2861 in the amount of $14,251.34 from CITM, Orange Park, Florida, for delivery by the U. S. Postal Service to SDS LLC, 4676 Highway 41 North, Springfield, Tennessee |
| 6 | August 11, 2009 | FedEx Airbill # 796848207664 from Paylogix, Westbury, New York for delivery to Smart Data Solutions, 4676 Highway 41 North, Springfield, Tennessee containing fifteen (15) checks totaling $385,460.41 for premium collections |
| 7 | August 25, 2009 | FedEx Airbill # 797872513132 from Paylogix, Westbury, New York for delivery to Smart Data Solutions, 4676 Highway 41 North, Springfield, Tennessee containing three (3) checks totaling $135,513.03 for premium collections |

-22-

| 8 | October 6, 2009 | FedEx Airbill # 797990856570 from Paylogix, Westbury, New York for delivery to Smart Data Solutions, 4676 Highway 41 North, Springfield, Tennessee containing ten (10) checks totaling $451,597.25 for premium collections |
|---|---|---|
| 9 | December 1, 2009 | FedEx Airbill # 798178109660 from Paylogix, Westbury, New York for delivery to Smart Data Solutions, 4676 Highway 41 North, Springfield, Tennessee containing twelve (12) checks totaling $271,031.57 for premium collections |
| 10 | December 15, 2009 | FedEx Airbill # 798219584649 from Paylogix, Westbury, New York for delivery to Smart Data Solutions, 4676 Highway 41 North, Springfield, Tennessee containing eleven (11) checks totaling $257,911.37 for premium collections |
| 11 | December 22, 2009 | FedEx Airbill # 798243352068 from Paylogix, Westbury, New York for delivery to Smart Data Solutions, 4676 Highway 41 North, Springfield, Tennessee containing thirteen (13) checks totaling $271,277.32 for premium collections |

All in violation of Title 18 United States Code, Section 1341.

## COUNTS TWELVE THROUGH TWENTY-FIVE

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of

Count One are hereby incorporated and realleged as if fully set forth herein.

2.     Beginning in or around January 2008 and continuing through in or around March

2010, in the Middle District of Tennessee and elsewhere, defendants **BART SIDNEY POSEY,**

**SR., WILLIAM M. WORTHY, II, RICHARD HALL BACHMAN** and **ANGELA SLAVEY**

**POSEY** and others, known and unknown to the Grand Jury, devised and intended to devise a

scheme to defraud and to obtain money from individuals and businesses who purchased health

-23-

care benefit coverage through plans offered by ATA, Serve America, AGBAI and RBA by means of materially false pretenses, representations and promises, and by acts of concealment of the scheme, and in furtherance thereof used interstate wires, which scheme is further described in paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One.

      3.      On or about the dates set forth below with respect to each count, within the Middle District of Tennessee, and elsewhere, defendants **BART SIDNEY POSEY, SR., WILLIAM M. WORTHY, II, RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY,** for the purpose of executing the scheme, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the writings, signs, and pictures described below for each count, each transmission constituting a separate count:

| COUNT | APPROXIMATE DATE | WIRE |
|-------|------------------|------|
| 12 | October 23, 2008 | Wire transfer of $52,273.17 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 13 | November 17, 2008 | Wire transfer of $99,667.74 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 14 | December 15, 2008 | Wire transfer of $97,114.25 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |

| | | |
|---|---|---|
| 15 | January 7, 2009 | Wire transfer of $150,000 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 16 | February 18, 2009 | Wire transfer of $163,507.89 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 17 | March 18, 2009 | Wire transfer of $211,291.53 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 18 | April 20, 2009 | Wire transfer of $240,002.74 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 19 | May 19, 2009 | Wire transfer of $102,074.24 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 20 | June 18, 2009 | Wire transfer of $157,688.51 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 21 | July 20, 2009 | Wire transfer of $166,597.79 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |

-25-

| 22 | August 20, 2009 | Wire transfer of $100,000 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 23 | September 18, 2009 | Wire transfer of $109,548.65 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 24 | October 2, 2009 | Wire transfer of $100,000 from the SDS First State Bank account ending *2841 in Springfield, Tennessee, to Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |
| 25 | November 6, 2009 | Wire transfer of $180,202.29 from the SDS F&M Bank account ending *360201 in Springfield, Tennessee, to Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS TWENTY-SIX THROUGH FORTY

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One are hereby incorporated and realleged as if fully set forth herein.

2.     On or about the following dates, in the Middle District of Tennessee and elsewhere, defendant **WILLIAM M. WORTHY, II,** did knowingly and willfully embezzle, steal, and otherwise without authority convert to the use of a person other than the rightful owner, and intentionally misapplied moneys, funds, premiums, credits, property and other assets exceeding $100 in value of a health care benefit program affecting commerce, to wit:  policy

-26-

premiums purportedly paid for health insurance coverage offered by ATA, Serve America, AGBAI and RBA and administered by SDS as set forth for each count below:

| COUNT | DATE | AMOUNT | DESCRIPTION OF TRANSACTION |
|---|---|---|---|
| 26 | October 23, 2008 | $15,000.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 27 | November 17, 2008 | $15,000.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 28 | November 20, 2008 | $12,000.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 29 | December 3, 2008 | $7,500 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 30 | January 2, 2009 | $8,500.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 31 | February 18, 2009 | $8,500.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 32 | March 23, 2009 | $6,500.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |

Case 3:13-cr-00119  Document 1  Filed 06/26/13  Page 27 of 52 PageID #: 27

| 33 | April 21, 2009 | $7,500.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
|----|----|----|----|
| 34 | May 20, 2009 | $9,500.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 35 | June 24, 2009 | $3,500.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 36 | July 21, 2009 | $4,000.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 37 | August 21, 2009 | $3,500.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 38 | September 21, 2009 | $4,500.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 39 | October 14, 2009 | $6,500.00 | Wire transfer from Nationwide First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to Individual A's SunTrust Bank checking account ending *6363 in Mt. Pleasant, South Carolina |
| 40 | November 17, 2009 | $90,514.27 | Purchase of bank cashier check payable to Individual C and deposited in the Viking Administrators First Citizens Bank account ending in *198101 in Blythewood, South Carolina |

All in violation of Title 18, United States Code, Sections 669 and 2.

-28-

<u>COUNTS FORTY-ONE THROUGH FORTY-SIX</u>

THE GRAND JURY FURTHER CHARGES:

1.      Paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One are hereby incorporated and realleged as if fully set forth herein.

2.      On or about the dates set forth below with respect to each count, in the Middle District of Tennessee and elsewhere, defendants **BART SIDNEY POSEY, SR., RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY**, did knowingly and willfully embezzle, steal, and otherwise without authority convert to the use of a person other than the rightful owner, and intentionally misapplied moneys, funds, premiums, credits, property and other assets exceeding $100 in value of a health care benefit program affecting commerce, to wit:  policy premiums purportedly paid for health insurance coverage offered by ATA, Serve America, AGBAI and RBA and administered by SDS as set forth for each count below:

| COUNT | DATE | AMOUNT | DESCRIPTION OF TRANSACTION |
|-------|------|--------|----------------------------|
| 41 | April 13, 2009 | $10,494.15 | Check # 6499 from First State Bank SDS LLC account ending *2841 deposited into F&M Smart Data Solutions LLC account ending *0201 for purchase of official check for closing on real property known as Lots 13 & 14, Rocky Acres Subdivision, Logan County, KY, titled to BART S. POSEY |

-29-

| | | | |
|---|---|---|---|
| 42 | August 14, 2009 | $12,106.99 | Check # 7140 in the amount $12,106.99 from First State Bank SDS LLC account ending *2841 payable to BART S. POSEY and deposited into First State Bank personal account ending *1109 in the name of BART S. POSEY and ANGIE S. POSEY and check # 3166 written from that account in the amount of $12,106.88 payable to Payne Chevrolet for purchase of used Harley Davidson motorcycle titled to BART S. POSEY |
| 43 | August 27, 2009 | $31,509.94 | Check # 7212 from First State Bank SDS LLC account ending *2841 to First State Bank for purchase of official check # 271636 in the amount of $31,509.94 payable to Main Street Title & Escrow for purchase of real property at 814 Pitt Avenue, Springfield, TN |
| 44 | October 9, 2009 | $45,000.00 | Check # 7424 from First State Bank SDS LLC account ending *2841 payable to 41 & Main F&M account ending *7301 and check # 2332 from F&M account ending *7301 in the amount of $44,342.66 payable to Payne Chevrolet for purchase of 2010 Chevrolet Camaro titled to BART S. POSEY |
| 45 | December 23, 2009 | $588,539.78 | Check # 2521 from F&M Smart Data Solutions LLC account ending *0201 payable to First State Bank to pay off mortgage loan on property at 4676 Highway 41 N, Springfield, TN, titled in the name of BART S POSEY |
| 46 | December 30, 2009 | $582,966.85 | Wire transfer from F&M Smart Data Solutions LLC account ending *0201 to payee First Risk Andone at PNC Bank in Hackettstown, New Jersey |

All in violation of Title 18, United States Code, Sections 669 and 2.

Case 3:13-cr-00119   Document 1   Filed 06/26/13   Page 30 of 52 PageID #: 30

## COUNTS FORTY-SEVEN THROUGH FORTY-NINE

THE GRAND JURY FURTHER CHARGES:

1.     The allegations of paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One of this Indictment are incorporated by reference as if fully set forth herein.

2.     On or about the dates set forth below with respect to each count, in the Middle District of Tennessee and elsewhere, defendant **WILLIAM M. WORTHY, II,** did knowingly engage in and attempt to engage in the following monetary transactions in criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, the deposit and transfer of funds by check and wire transfer from Nationwide Administrators First Citizens Bank premium account ending in *850201 in Blythewood, South Carolina, to the following accounts at the following financial institutions, in the amounts indicated below, such funds having been derived from specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341; wire fraud, in violation of Title 18, United States Code, Section 1343; theft of assets of a health care benefit program in violation of Title 18, United States Code, Section 669; and conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 371.

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| 47 | February 10, 2009 | Wire transfer in the amount of $70,000 to American Cigarette Company SunTrust Bank account ending in *080541 in Fort Lauderdale, Florida |
| 48 | November 4, 2009 | Wire transfer in the amount of $19,033.80 to Viking Administrators First Citizens Bank account ending in *198101 in Blythewood, South Carolina |

-31-

| 49 | November 17, 2009 | Purchase of cashier check in the amount of $90,514.27 payable to Individual C |
|----|-------------------|------------------------------------------------------------------------------|

All in violation of Title 18, United States Code, Section 1957 and 2.

## COUNT FIFTY

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One are hereby incorporated and realleged as if fully set forth herein.

2.     On or about November 23, 2009, in the Middle District of Tennessee and elsewhere, defendant **WILLIAM M. WORTHY, II,** did knowingly engage in and attempt to engage in the following monetary transactions in criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, the deposit of $69,398.64 from Viking Administrators operating account ending in *198101 in Blythewood, South Carolina, to Wellington Tobacco Group, LLC, to First Citizens Bank account ending in *289801 in Blythewood, South Carolina, such funds having been derived from specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341; wire fraud, in violation of Title 18, United States Code, Section 1343; theft of assets of a health care benefit program in violation of Title 18, United States Code, Section 669; and conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 371.

All in violation of Title 18, United States Code, Section 1957 and 2.

-32-

<u>COUNTS FIFTY-ONE THROUGH FIFTY-FOUR</u>

THE GRAND JURY FURTHER CHARGES:

1.     Paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One are hereby incorporated and realleged as if fully set forth herein.

2.     On or about the dates set forth below with respect to each count, in the Middle District of Tennessee and elsewhere, defendants **BART SIDNEY POSEY, SR.,** and **ANGELA SLAVEY POSEY,** did knowingly engage in and attempt to engage in the following monetary transactions in criminally derived property of a value greater than $10,000, affecting interstate commerce, that is, the deposit and transfer of funds by check to and from the following accounts at the following financial institutions, in the amounts indicated below, such funds having been derived from specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341; wire fraud, in violation of Title 18, United States Code, Section 1343; theft of assets of a health care benefit program in violation of Title 18, United States Code, Section 669; and conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 371.

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| 51 | August 14, 2009 | Check # 7140 in the amount $12,106.99 from First State Bank SDS LLC account ending *2841 payable to BART S. POSEY and deposited into First State Bank personal account ending *1109 in the name of BART S. POSEY and ANGIE S. POSEY and check # 3166 written from that account in the amount of $12,106.88 payable to Payne Chevrolet for purchase of used Harley Davidson motorcycle titled to BART S. POSEY |
| 52 | August 27, 2009 | Check # 7212 from First State Bank SDS LLC account ending *2841 to First State Bank for purchase of official check # 271636 in the amount of $31,509.94 payable to Main Street Title & Escrow for purchase of real property at 814 Pitt Avenue, Springfield, TN |

-33-

| 53 | October 9, 2009 | Check # 7424 from First State Bank SDS LLC account ending *2841 payable to 41 & Main F&M account ending *7301 and check # 2332 from F&M account ending *7301 in the amount of $44,342.66 payable to Payne Chevrolet for purchase of 2010 Chevrolet Camaro titled to BART S. POSEY |
|---|---|---|
| 54 | December 23, 2009 | Check # 2521 from F&M Smart Data Solutions LLC account ending *0201, in the amount of $588,539.78, payable to First State Bank to pay off mortgage loan on property at 4676 Highway 41 N, Springfield, TN, titled in the name of BART S POSEY |

All in violation of Title 18, United States Code, Section 1957 and 2.

<u>COUNT FIFTY-FIVE</u>

THE GRAND JURY FURTHER CHARGES:

1.      Paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One are hereby incorporated and realleged as if fully set forth herein.

2.      Beginning in or around January 2010 and continuing through in or around March 2010, in the Middle District of Tennessee and elsewhere, defendant **WILLIAM M. WORTHY, II,** Individual B and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and to obtain money and property from individuals, by means of false pretenses, representations, and promises, and by acts of concealment of the scheme, used the United States Postal Service.

3.      It was part of the scheme to defraud that defendant **WILLIAM M. WORTHY, II,** Individual B and others, caused to be mailed letters to ATA members, who had purchased health care benefit coverage through plans offered by ATA and purportedly underwritten by Serve America, advising that their health insurance plan underwritten by Serve America had been terminated as of August 31, 2009.

-34-

4.    It was further part of the scheme to defraud that defendant **WILLIAM M. WORTHY, II,** Individual B and others, caused the above-described letters to be mailed with the intent to follow up the letters, and did follow up the letters, with telephone calls offering membership in a new association with continued health insurance coverage through the Phoenix Insurance Company for the purpose of collecting premiums from these individuals for insurance which did not exist.

5.    On or about March 12, 2010, within the Middle District of Tennessee, and elsewhere, defendant **WILLIAM M. WORTHY, II,** Individual B and others, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly did cause to be placed in an authorized depository for mail matter and to be sent and delivered by the United States Postal Service, according to the directions thereon, a letter dated February 19, 2010, to an ATA member and Serve America policy holder residing in Murfreesboro, Tennessee.

All in violation of Title 18 United States Code, Section 1341.

<u>COUNT FIFTY-SIX</u>

THE GRAND JURY FURTHER CHARGES:

1.    Paragraphs 1 through 34 of the introduction and paragraphs 36 through 37 of Count One are hereby incorporated and realleged as if fully set forth herein.

2.    Beginning in or around March 2010 and continuing through in or around July 2010, in the Middle District of Tennessee and elsewhere, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** did willfully, knowingly and unlawfully combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

-35-

<u>Manner and Means of the Conspiracy</u>

3.     The manner and means by which the defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators known and unknown to the grand jury, sought to accomplish the conspiracy was by creating a new association, Best Benefits Association Inc. (BBA), and a new TPA, Quality Benefits Group LLC, for the purpose of moving association members from ATA to BBA in order to continue to collect premiums from ATA policy holders for non-existent insurance.

<u>Overt Acts</u>

4.     In furtherance of the conspiracy, and to effect the objects thereof, various overt acts were committed by defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators known and unknown to the grand jury, in the Middle District of Tennessee and elsewhere, including, but not limited to, the following:

A.     On or about April 20, 2010, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators caused to be created a new corporation titled Best Benefits Association, Inc. ("BBA"), in the State of Mississippi for the purpose of replacing ATA, which had been placed in receivership by the State of Tennessee.

B.     On or about April 27, 2010, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators caused to be opened bank account number ending *7383-01 in the name of BBA at Evolve Bank & Trust in Cordova, Tennessee.

C.     On or about April 27, 2010, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators caused letters to be sent to ATA members via U.S. mail, notifying them that ATA was discontinuing the benefits offered in the member's state and that the member was being automatically enrolled in BBA.

-36-

D.  On or about April 28, 2010, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators caused notification to be provided to payment processor CITM that ATA premiums payments should be forwarded to the BBA account number ending *7383-01 at Evolve Bank & Trust.

E.  On or about April 29, 2010, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators caused CITM to wire $374,616.79 in premium funds to BBA account number ending *7383-01 at Evolve Bank & Trust.

F.  On or about April 30, 2010, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators caused to be created a new corporation titled Quality Benefits Group, LLC, in the State of Tennessee for the purpose of replacing SDS which had been placed in receivership by the State of Tennessee.

G.  On or about May 3, 2010, defendant **BART SIDNEY POSEY, SR.,** opened bank account number ending *516073 at Regions Bank, Springfield, Tennessee, in the name of Quality Benefits Group, LLC, with defendant **BART SIDNEY POSEY, SR.,** as the sole authorized signer on the account.

H.  On or about May 11, 2010, defendants  **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN** initiated a conference call between CITM and multiple marketers and others for the purpose of advising CITM and the marketers that BBA had reinsurance in place with Prudential Asia and would have "front carrier coverage" in place by June 1, 2010, when in fact there was no such company as Prudential Asia.

I.  On or about May 14, 2010, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators caused to be opened bank account

-37-

number ending *5001 at Evolve Bank & Trust in the name of BBA, with a relative of defendant **RICHARD HALL BACHMAN** listed as the sole authorized signer on the account.

J.       On or about May 14, 2010, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators caused $374,616.79 in premium funds to be transferred from BBA account number ending *7383-01 at Evolve Bank & Trust into BBA account number ending *5001 at Evolve Bank & Trust.

K.       On or about May 14, 2010, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** and co-conspirators caused a wire transfer in the amount of $225,000 from BBA Evolve Bank & Trust account number ending *5001 to Quality Benefits Group, LLC, account number ending *516073 at Regions Bank, Springfield, Tennessee.

All in violation of Title 18, United States Code, Sections 371 and 2.

<u>COUNT FIFTY-SEVEN</u>

THE GRAND JURY FURTHER CHARGES:

1.       Paragraphs 1 through 34 of the introduction, paragraphs 36 through 37 of Count One and paragraphs 2 through 4 of Count Fifty-Six are hereby incorporated and realleged as if fully set forth herein.

2.       Beginning in or around March 2010 and continuing through in or around July 2010, in the Middle District of Tennessee and elsewhere, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN**, and others known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud and to obtain money from individuals and businesses who purchased health care benefit coverage through plans offered by ATA by means of materially false pretenses, representations, and promises, and by acts of concealment of the

-38-

scheme, and in furtherance thereof used interstate wires, which scheme is further described in paragraphs 1 through 34 of the introduction and paragraphs 2 through 4 of Count Fifty-Six.

3.      On or about May 14, 2010, within the Middle District of Tennessee, and elsewhere, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** for the purpose of executing the scheme, and attempting to do so, knowingly caused to be transmitted, by means of wire communication in interstate commerce, writings, signs and pictures, namely a wire transfer in the amount $225,000 from the BBA Evolve Bank & Trust account number ending *5001, Parkin, Arkansas, to Quality Benefits Group, LLC, account number ending *516073 at Regions Bank, Springfield, Tennessee.

All in violation of Title 18, United States Code, Section 1343.


FORFEITURE ALLEGATION ONE

1.      The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2.      Upon conviction of Count One as it relates to a conspiracy 18 U.S.C. § 371 to commit mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, healthcare fraud in violation of 18 U.S.C. § 669, or money laundering in violation of 18 U.S.C. § 1957, defendants **WILLIAM M. WORTHY, II, BART SIDNEY POSEY, SR., RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY,** jointly and severally, shall forfeit to the United States of America:

  (1)     pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from gross proceeds traceable to a conspiracy to commit a violation of 18, United States Code, Section 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 669 (healthcare fraud), or 18 U.S.C. § 1957 (money laundering) including but not limited to:

-39-

A.    PERSONALTY:

    a.    2010 Chevrolet Camaro 2SS Coupe, VIN 2G1FT1EW0A9145379 or any proceeds from the sale thereof;

    b.    2005 Harley Davidson Road King Motorcycle bearing VIN 1HD1FXV185Y677771 or any proceeds from the sale thereof;

B.    REAL PROPERTY:

    a.    Commonly known as 814 Pitt Avenue, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described as follows:

        Being Lot No. 111 in the Eastland Heights Addition to the Town of Springfield, a plat of which is of record in the Register's Office for Robertson County, Tennessee, in Deed Book 61, Page 522, to which record reference is made for a full and complete description of said lot.

        Being the same property conveyed to Johnny Lemmons and wife, Dorothy Helen Lemmons, by deed from Leonard Sawyers and wife, Jean Sawyers appearing of record in Deed Book 131, page 81, Register's Office for Robertson County, Tennessee. The said Johnny Lemmons died September 30, 1984, leaving Dorothy Helen Lemmons as surviving tenant by the entireties and sole owner of said land. The said Dorothy Helen Lemmons having died testate, a citizen and resident of Robertson County, Tennessee, November 14, 2008. Her Last Will and Testament was probated on December 16, 2008 in the Probate Court for Robertson County, Tennessee, File No. 20626. Said Last Will and Testament of Dorothy Helen Lemmons, which appears of record in Will Book 21, Page 15, Clerk and Master's Office for Robertson County, Tennessee, vested title to the above-reference property in her Co-Executors, Patricia Thompson and Terry Lemmons and directed them to sell the property.

    b.    Commonly known as 4676 Highway 41 North, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described as follows:

        Certain real estate situate in the 9th Civil District of Robertson County, within the corporate limits of Springfield, Tennessee, and described as follows, to-wit:

Beginning at an iron pin in the South margin of Old U.S. 41-E, said pin being the most Northwest corner of this property and a corner to a 70-foot easement granted to Burley Warehouse, Inc. and continuing as follows: South 48 deg. 00 East 349.47 feet to an iron pin in the West right of way of New U.S. 41-E; thence North 01 deg. 56 East 596.34 feet to an iron pin at the intersection of the two right of ways; thence South 33 deg. 29' West 434.22 feet to the point of beginning, more or less as per survey by Jack L. Head and Associates dated October 10, 1974.

Being the same property conveyed to 41 and Main, LLC, a Tennessee limited liability company, by deed for record in Book 1069, pages 946-947, said Register's Office. Property having since been conveyed to Bart S. Posey, as tenants by the entirety, by Quitclaim Deed, of record in Book 1116, pages 457-456, Register's Office for said County.

c.     Commonly known as 209 New Chapel Road, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described as follows:

TRACT NO. 1:
A certain lot or parcel of land situate in the 9th Civil District of Robertson County, Tennessee, described more particularly as follows, to-wit:

BEGINNING at an iron pin in the East margin of an unnamed 50 foot street, said pin being North 19? 30' West 265 feet from the North margin of the New Chapel Road and being the most Southwest corner of this lot and continuing as follows: North 19? 30' West 199.4 feet to an iron pin; thence North 67? 40' East 99.74 feet to an iron pin; thence South 19? 30' East 195.6 feet to a stone; thence South 65? 30' West 100.0 feet to the point of beginning, containing 0.45 acre, more or less, as per survey of Jack L. Head & Associates, dated October 7, 1974.

Tract No. 1 BEING all of the same property conveyed to Bart Posey and wife, Angela S. Posey by Warranty Deed from Carolyn W. Kirby and husband, James L. Kirby dated March 15, 2007 and filed of record in Deed Book 1178, Page 148, Register's Office for Robertson County, Tennessee.

TRACT NO. 2:

Certain real property situate in Robertson County, Tennessee, more particularly described as follows, to-wit:

BEGINNING at a point in the center of the New Chapel Road, said point being 200 feet Easterly with the center of said road from Felix Lawrence's Southeast corner a corner to proposed 50 foot street, the property of J.B. Williams and the Southwest corner of this lot; thence with the center of said road, North 65 1/2? East to a point, a corner to aforesaid Williams; thence with the line of said Williams, North 19 1/2? West 265 feet to a stake, a corner in the line of said Williams; thence with Williams' line South 65 1/2? West 100 feet to a stake, corner to Williams in the Easterly margin of said proposed street; thence with said margin of said proposed street South 19 1/2 ? East 265 feet to the beginning, containing 0.6 of an acre, more or less, as surveyed on July 28, 1964 by John R. Alley, Robertson County Surveyor.

Tract No. 2 being all of the same property conveyed to Bart Posey and wife, Angela S. Posey by Warranty Deed from Carolyn W. Kirby and husband, James L. Kirby dated March 15, 2007 and filed of record in Deed Book 1178, Page 148, Register's Office for Robertson County, Tennessee.

TRACT NO. 3:

BEGINNING at a concrete monument (old) in the Northerly margin of New Chapel Road, the Southeast corner of a tract of land which belongs to Southern Sun, Inc., having a deed reference in Deed Book 355, page 485, Register's Office for Robertson County, Tennessee, the Southwest corner of this tract and continuing as follows: North 18? 24' 50" West, passing a common corner of said tract of land which belongs to Southern Sun, Inc., and a second tract of land which belongs to Southern Sun, Inc., having a deed reference in Deed Book 355, page 485, Register's Office for Robertson County, Tennessee, and continuing in all 354.01 feet to a stone (old), the Northeast corner of said second mentioned tract of land which belongs to Southern Sun, Inc.; thence South 82? 28' 29" West, 147.32 feet to an iron pin (old), the Northeast corner of said second mentioned tract of land which belongs to Southern Sun, Inc., in the Easterly boundary of a tract of land which belongs to George R. Bowles, having a deed reference in Deed Book 239, page 205, Register's Office for Robertson County, Tennessee; thence North 17? 34' 36" West 350.06 feet to an iron rod (old) the Northeast corner of said tract of

-42-

land which belongs to George R. BoWles, the Southeast corner of a tract of land which belongs to Thomas E. Powell, having a deed reference in Record Book 891, page 443, Register's Office for Robertson County, Tennessee; thence with the boundary of said tract which belongs to Thomas E. Powell, as follows: North 17? 36' 14" West, 532.02 feet to an iron pin (old); thence South 80? 28' 01" West, 413.50 feet to an iron pin (old), the Northwest corner of said tract of land which belongs to Thomas E. Powell, a corner of a tract of land which belongs to Marvin L. Smith, Jr., having a deed reference in Deed Book 354, page 699, Register's Office for Robertson County, Tennessee; thence with the boundary of said tract of land which belongs to Marvin L. Smith, Jr., as follows: North 04? 31' 01" West, 1105.14 feet to an iron pin (old); thence North 82? 49' 26" East, 736.27 feet to an iron pin (new), a common corner of said tract of land which belongs to Marvin L. Smith, Jr., and a tract of land which belongs to Bobby Jerry Green, having a deed reference in Deed Book 302, page 685, Register's Office for Robertson County, Tennessee; thence with the boundary of said tract of land which belongs to Bobby Jerry Green as follows: South 32? 45' 13" East, 41.25 feet to an iron pin (new); thence South 60? 36' 50" East, 216.20 feet to an iron pin (old); thence South 25? 27' 54" East, 284.93 feet to an iron pin (old); thence South 38? 17' 13" East, 306.10 feet to an iron pin (old); thence South 05? 39' 46" West, 299.07 feet to an iron pin (new); thence South 84? 06' 22" East, 222.75 feet to an iron pin (old), the Southeast corner of said tract of land which belongs to Bobby Jerry Green in the Westerly boundary of Lot 24, Fair Oaks, Section 1, being a plat of record which is recorded in Plat Book 5, page 36, Register's Office for Robertson County, Tennessee; thence South 06? 08' 38" West, passing a common corner of said Lot 24 and Lot 25, and continuing on passing a common corner of said Lot 25 and Lot 26, and continuing on passing a common corner of said Lot 26 and Lot 27, and continuing on passing a common corner of said Lot 27 and Lot 28, and continuing on passing a common corner of said Lot 28 and Lot 93, Fair Oaks, Section 4, being a plat of record which is recorded in Plat Book 7, page 46, Register's Office for Robertson County, Tennessee, and continuing on passing a common corner of said Lot 93 and Lot 92, and continuing in all 737.57 feet to an iron pin (old), the Southwest corner of said Lot 92 in the Northerly boundary of a tract of land which belongs to Pamela M. Marmillion, having a deed reference in Deed Book 316, page 442, Register's Office for Robertson County, Tennessee; thence with the boundary of said tract of land which belongs to Pamela M. Marmillion as follows: South 87? 30' 41" West, 89.19 feet to an iron pin (old); thence South 05? 19' 34" West, 317.78 feet to an iron pin (old) in the Westerly boundary of

-43-

said tract of land which belongs to Pamela M. Marmillion, the Northeast corner of a tract of land which belongs to Margaret T. Williams, having a deed reference in Deed Book 306, page 247, Register's Office for Robertson County, Tennessee; thence North 85? 09' 19" West, 166.25 feet to a stone (old), the Northwest corner of said tract of land which belongs to Margaret T. Williams, in the Easterly boundary of a tract of land which belongs to James L. Kirby, having a deed reference in Deed Book 190, page 175, Register's Office for Robertson County, Tennessee; thence North 17? 54' 15" West, passing a common corner of said tract of land which belongs to James L. Kirby and a tract of land which belongs to Carolyn W. Kirby, having a deed reference in Deed Book 179, page 304, Register's Office for Robertson County, Tennessee, and continuing in all 195.52 feet to an iron pin (old) the Northeast corner of said tract of land which belongs to Carolyn W. Kirby; thence with the boundary of said tract of land which belongs to Carolyn W. Kirby, as follows: South 72? 05' 45" West, 99.74 feet to an iron pin (new); thence South 17? 43' 43" East, passing a common corner of said tract of land which belongs to Carolyn W. Kirby, and said tract of land which belongs to James L. Kirby, and continuing in all 443.71 feet to a concrete monument (old), in the Northerly margin of New Chapel Road, the Southwest corner of said tract of land which belongs to James L. Kirby; thence South 68? 12' 50" West, 48.75 feet to the point of beginning, containing 42.47 acres, more or less, and being Tract No. 1 on the survey by Steven E. Artz & Associates, Inc., 514 South Brown Street, Suite 600, Springfield, Tennessee 37172, dated September 8, 2005.

Tract No. 3 Being all of the same property conveyed to Bart Posey and wife, Angela S. Posey by Warranty Deed from Carolyn W. Kirby and husband, James L. Kirby dated March 15, 2007 and filed of record in Deed Book 1178, Page 148, Register's Office for Robertson County, Tennessee.

Tract No. 3 is subject to a 20 foot Utility Easement as set out on the plat of the survey by as surveyed by Steven E. Artz & Associates, Inc., 514 South Brown Street, Suite 600, Springfield, Tennessee 37172, dated September 8, 2005.

TRACT NO. 4:

Certain real estate in the 9th Civil District of Robertson County, within the corporate limits of Springfield, Tennessee, and described as follows, to-wit:

BEGINNING at an iron pin in the South margin of Old U.S. 41-E said pin being the most Northwest corner of this property and a corner to a 70 foot easement grated to Burley Warehouse, Inc., and continuing as follows: South 48° 00' East 349.47 feet to an iron pin in the West right of way of New US 41-E; thence North 01° 56' West 596.34 feet to an iron pin at the intersection of the two right of ways; thence South 33° 29" West 434.222 feet to the point of beginning, containing 1.72 acres, more or less, as per survey by Jack L. Head and Associates dated October 10, 1974.

Tract No. 4 BEING all of the same property conveyed to Bart S. Posey by Warranty Deed from 41 and Main LLC, dated June 20, 2006 and filed of record in Record Book 1134, Page 245, Register's Office for Robertson County, Tennessee.

TRACT NO. 5:

Land located in the 9th Civil District of.Robertson County, Tennessee, described as follows, to-wit:

Beginning at an iron pin (new), in the easterly margin of Lawrence Lane, in the southerly boundary of a tract of land which belongs to Thomas W. Powell, having a deed reference in Record Book 891, Page 443, Register's Office for Robertson County, Tennessee, the northwest corner of this tract and continuing as follows:

North 71° 11 minutes 44 seconds East 371.69 feet to an iron rod (old), the southeast corner of said tract of land which belongs to Thomas W. Powell, in the westerly boundary of a tract of land which belongs to Carolyn W. Kirby, having a deed reference in Record book 1071, Page 238, Register's Office for Robertson County, Tennessee; thence South 17° 34 minutes 36 seconds East 300.00 feet to an iron pin (new), in the westerly boundary of said tract of land which belongs to Carolyn W. Kirby; thence with a new line, South 71° 11 minutes 40 seconds West 359.13 feet to an iron pin (new), in the easterly margin of Lawrence Lane; thence North 19° 58 minutes 31 seconds West 300.00 feet, to the point of beginning, containing 2.52 acres, as surveyed by Steven E. Art; Tennessee License Number 1708, d/b/a Steven E. Artz and Associates, Inc., 514 South Brown Street, Suite 600, Springfield, TN 37172, dated 04/11/07.

-45-

BEING the same property conveyed to Bart Sidney Posey and wife, Angela S. Posey by Warranty Deed from George R. Bowles and Naomi Joyce Bowles, dated June 1, 2007 and filed of record in Record Book 1200, Page 600 and by Scrivener's Affidavit filed of record in Record Book 1229, Page 177, said Register's Office. Also being a portion of the same property previously conveyed to George R. Bowles and wife, Naomi Joyce Bowles by Warranty Deed from Claude Barnette and wife, Ruth Barnette, Register's Office for Robertson County, Tennessee.

d.    Commonly known as 204 Lawrence Lane, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described as follows:

Land located in the 9th Civil District of Robertson County, Tennessee, described as follows to-wit:

Beginning at an iron pin (new), in the easterly margin of Lawrence Lane, in the southerly boundary of a tract of land which belongs to Thomas W. Powell, having a deed reference in Record Book 891, Page 443, Register's Office for Robertson County, Tennessee, the northwest corner of this tract and continuing as follows:

North 71 degrees 11 minutes 44 seconds East 371.69 feet to an iron rod (old), the southeast corner of said tract of land which belongs to Thomas W. Powell, in the westerly boundary of a tract of land which belongs to Carolyn W. Kirby, having a deed reference in Record Book 1071, Page 238, Register's Office for Robertson County, Tennessee; thence South 17 degrees 34 minutes 36 seconds East 300.00 feet to an iron pin (new), in the westerly boundary of said tract of land which belongs to Carolyn W. Kirby; thence with a new line, South 71 degrees 11 minutes 40 seconds West to 359.13 feet to an iron pin (new), in the easterly margin of Lawrence Lane; thence North 19 degrees 58 minutes 31 seconds West 300.00 feet, to the point of beginning, containing 2.52 acres, as surveyed by Steven E. Artz, Tennessee License Number 1708, d/b/a, Steven E. Artz and Associates, Inc., 514 South Brown Street, Suite 600, Springfield, TN 37172, dated 04/11/07.

Being part of the same property conveyed to George R. Bowles and wife, Naomi Joyce Bowles, by Warranty Deed from Claude Barnette and wife, Ruth Barnette, and recorded in Deed Book 221, Page 123 and Deed Book 239, Page 205, said Register's Office.

This is unimproved property known as: Lawrence Lane, Springfield, Tennessee 37172.

C.    MONEY JUDGMENT:  A money judgment in the amount of at least $28,000,000 United States currency, representing the amount of gross proceeds obtained from the violation of 18 U.S.C. § 371 (conspiracy) to commit mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, healthcare fraud in violation of 18 U.S.C. § 669,  or money laundering in violation of 18 U.S.C. § 1957.

## FORFEITURE ALLEGATION TWO

1.    The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2.    Upon conviction of Count Fifty-Six as it relates to a conspiracy 18 U.S.C. § 371 to commit wire fraud 18 U.S.C. § 1343, defendants **BART SIDNEY POSEY, SR.,** and **RICHARD HALL BACHMAN,** jointly and severally, shall forfeit to the United States of America:

(1)    pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from gross proceeds traceable to a conspiracy to commit a violation of 18, United States Code, Section 1343 (wire fraud) including but not limited to:

A.    REAL PROPERTY:

   a.    Commonly known as 4676 Highway 41 North, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

-47-

b.     Commonly known as 209 New Chapel Road, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

c.     Commonly known as 204 Lawrence Lane,, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

C.     MONEY JUDGMENT: A money judgment in the amount of at least $225,000 United States currency, representing the amount of gross proceeds obtained from the violation of 18 U.S.C. § 371 (conspiracy) to commit wire fraud in violation of 18 U.S.C. § 1343.

## FORFEITURE ALLEGATION THREE

1.     The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2.     Upon conviction of Counts Two through Twenty-Five, Fifty-Five and Fifty-Seven, defendants **WILLIAM M. WORTHY, II, BART SIDNEY POSEY, SR., RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY,** jointly and severally, shall forfeit to the United States of America:

(1)     pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the scheme or artifice to defraud in violation of 18, United States Code, Section 1341 (mail fraud) and/or 18, United States Code, Section 1343 (wire fraud) including but not limited to:

A.     PERSONALTY:

a.     2010 Chevrolet Camaro 2SS Coupe, VIN 2G1FT1EW0A9145379 or any proceeds from the sale thereof;

-48-

          b.      2005 Harley Davidson Road King Motorcycle bearing VIN 1HD1FXV185Y677771 or any proceeds from the sale thereof;

B.     **REAL PROPERTY:**

          a.      Commonly known as 814 Pitt Avenue, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

          b.      Commonly known as 4676 Highway 41 North, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

          c.      Commonly known as 209 New Chapel Road, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

          d.      Commonly known as  204 Lawrence Lane,, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

C.     MONEY JUDGMENT:  A money judgment in  the amount of at least $28,000,000 United States currency, representing the amount of gross proceeds obtained from the violation of 18, United States Code, Section 1341 (mail fraud) and/or 18, United States Code, Section 1343 (wire fraud).

<u>FORFEITURE ALLEGATION FOUR</u>

1.     The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2.     Upon conviction of Counts Twenty-Six through Forty-Six, defendants **WILLIAM M. WORTHY, II, BART SIDNEY POSEY, SR., RICHARD HALL BACHMAN** and **ANGELA SLAVEY POSEY,** jointly and severally, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real

-49-

or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense of 18, United States Code, Section 669 (healthcare fraud) including a money judgment in the amount set forth in the offense of conviction.

## FORFEITURE ALLEGATION FIVE

1.     The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2.     Upon conviction of Counts Forty-Seven through Fifty, defendant **WILLIAM M. WORTHY, II** shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the violation of 18, United States Code, Section 1957 (money laundering), or any property traceable to the commission of the offense of 18, United States Code, Section 1957 (money laundering) including a money judgment in the amount set forth in the offense of conviction.

## FORFEITURE ALLEGATION SIX

1.     The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2.     Upon conviction of Counts Fifty-One through Fifty-Four, defendants **BART SIDNEY POSEY, SR.,** and **ANGELA SLAVEY POSEY,** jointly and severally, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the violation of 18, United States Code, Section 1957 (money laundering), or any property traceable to a violation including proceeds of the violation, including but not limited to:

      A.     PERSONALTY:

            a.     2010 Chevrolet Camaro 2SS Coupe, VIN 2G1FT1EW0A9145379 or any proceeds from the sale thereof;

-50-

b. 2005 Harley Davidson Road King Motorcycle bearing VIN 1HD1FXV185Y677771 or any proceeds from the sale thereof;

B. REAL PROPERTY:

a. Commonly known as 814 Pitt Avenue, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

b. Commonly known as 4676 Highway 41 North, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

c. Commonly known as 209 New Chapel Road, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

d. Commonly known as 204 Lawrence Lane,, Springfield, Robertson County, Tennessee or any proceeds from the sale thereof and more particularly described in Forfeiture Allegation One.

C. MONEY JUDGMENT: A money judgment in the amount of at least $676,499.26 United States currency, representing the amount of proceeds obtained from the offense of conviction.

<u>SUBSTITUTE ASSETS</u>

If any of the above-described forfeitable property, as a result of any act or omission of the defendants **BART SIDNEY POSEY, SR.,** and **ANGELA SLAVEY POSEY:**

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty,

-51-

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code Section, 982(b)(1) to seek forfeiture of any other property of defendants **BART SIDNEY POSEY, SR.,** and **ANGELA SLAVEY POSEY** up to the value of said property listed above as being subject to forfeiture.

A TRUE BILL

FOREPERSON

DAVID RIVERA
Acting United States Attorney

SANDRA G. MOSES
Assistant United States Attorney

-52-